UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BP AMERICA PRODUCTION COMPANY, ET AL. | * * * | CIVIL ACTION NO. 09-6218 |
| VERSUS | * * | SECTION "L" |
| NATIONAL OILWELL VARCO, LP, ET AL. | * * * * | MAGISTRATE 4 |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * ** * * * * * * * * * * * ** * * *

**ANSWER OF DEFENDANTS NATIONAL OILWELL
VARCO, INC. AND NATIONAL OILWELL NORWAY AS**

* * * * * * * * * * * * * * * * * * * * * * * * * * * * ** * * * * * * * * * * * ** * * *

Defendants National Oilwell Varco, Inc. and National Oilwell Norway AS (collectively, "Defendants") file this answer to the complaint filed by plaintiffs BP America Production Company, BP Exploration & Production, Inc. and American Home Assurance Company (collectively, "Plaintiffs").

**ANSWER**

Defendants deny each and every allegation of the Plaintiffs' original complaint, except as the same may be admitted or modified herein. Further responding to the said allegations, Defendants aver as follows:

1.      Defendants are without sufficient information to admit or deny paragraph 1.

2.      Defendants are without sufficient information to admit or deny paragraph 2.

3.    Defendants admit that National Oilwell Varco, L.P. is a Delaware limited partnership. Defendants deny the remaining allegations of paragraph 3.

4.    Defendants deny the allegations of paragraph 4.

5.    The allegations of paragraph 5 constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of Defendants, but insofar as it may be deemed necessary, the allegations are denied.

6.    The allegations of paragraph 6 constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of Defendants, but insofar as it may be deemed necessary, the allegations are denied.

7.    Defendants are without sufficient information to admit or deny paragraph 7.

8.    The allegations of paragraph 8 constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of Defendants, but insofar as it may be deemed necessary, the allegations are denied.

9.    Defendants are without sufficient information to admit or deny paragraphs 9.

10.    Defendants are without sufficient information to admit or deny the second paragraph enumerated as paragraph "9".

11.    Defendants are without sufficient information to admit or deny paragraph 10.

12.    Defendants are without sufficient information to admit or deny paragraph 11.

13.    Defendants are without sufficient information to admit or deny paragraph 12. To the extent necessary, Defendants aver that the best evidence of the terms, conditions, provisions, limitations and exclusions of the referenced "Construction and Purchase Contract" are contained in the contract itself. Defendants specifically plead the terms of the contract as if copied herein in full and place Plaintiffs on their full proof of any allegations seeking to infer liability on behalf

of any party by virtue of the existence of said contract.

14.    Defendants are without sufficient information to admit or deny paragraph 13.  To the extent necessary, Defendants aver that the best evidence of the terms, conditions, provisions, limitations and exclusions of the referenced "Construction and Purchase Contract" are contained in the contract itself.  Defendants specifically plead the terms of the contract as if copied herein in full and place Plaintiffs on their full proof of any allegations seeking to infer liability on behalf of any party by virtue of the existence of said contract.

15.    Defendants deny the allegations in paragraph 14 as written.

16.    Defendants deny the allegations in paragraph 15 as written.

17.    Defendants admit that certain equipment was installed in Texas.  Defendants deny the remaining allegations of paragraph 16.

18.    Defendants are without sufficient information to admit or deny paragraph 17.

19.    Defendants admit, upon information and belief, that the drilling rig was operated and maintained by Pride.  Defendants deny the remaining allegations of paragraph 18.

20.    Defendants deny the allegations in paragraph 19.

21.    Defendants admit that Hurricane Ike passed through the Gulf of Mexico on September 11, 2007.  Defendants deny the remaining allegations of paragraph 20.

22.    Defendants deny the allegations in paragraph 21.

23.    Defendants are without sufficient information to admit or deny paragraph 22.

24.    Defendants deny the allegations in paragraph 23.

25.    Defendants deny the allegations in paragraph 24.

26.    Defendants deny the allegations in paragraph 25.

27.    Defendants deny the allegations in paragraph 26.

28.    Defendants deny the allegations in paragraph 27.

29.    Defendants deny the allegations in paragraph 28.

30.    Defendants deny the allegations in paragraph 29.

31.    Defendants deny the allegations in paragraph 30.

32.    The allegations of paragraph 31 constitute conclusions of law, and, as such, require neither an affirmative nor negative response on behalf of defendants, but insofar as it may be deemed necessary, the allegations are denied.

33.    Defendants deny the allegations in paragraph 32.

34.    The allegations of paragraph 33 require neither an affirmative nor negative response on behalf of Defendants.  Defendants deny that Plaintiffs are entitled to the requested relief.

35.    Defendants also pray for trial by jury on all issues.

### FIRST DEFENSE

36.    Defendants deny that they or anyone for whom they may be responsible are guilty of any negligence, products liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident in question.  Defendants deny that any product supplied by defendants was unreasonably dangerous in design, construction or composition, due to any inadequate warning or non-conformity to any warranty so as to give rise to liability under the Louisiana Products Liability Act ("LPLA"), La. R.S. 9:2800.55-58 *et seq.*   Defendants specifically plead the terms, limitations of liability, responsibility and affirmative defenses set forth under the LPLA as if set forth in their entirety herein.

### SECOND DEFENSE

37.    Defendants deny that any product upon which liability or responsibility is claimed

4

was being put to its reasonably anticipated use, or that Plaintiffs' damages were proximately caused by an unreasonably dangerous characteristic of the product. Alternatively, Defendants aver that any alleged unreasonably dangerous conditions existing in the alleged product resulted by misuse or abuse, improper use, improper repairs, improper maintenance and/or material alterations on the part of other persons or entities for which Defendants are not responsible.

### THIRD DEFENSE

38.    In the further alternative, if Defendants or anyone for whom Defendants may be responsible is guilty of any negligence, products liability, want of due care, or other legal fault constituting a proximate cause of the alleged incident in question, or if for any other reason Defendants would be responsible to Plaintiffs in this suit, Defendants aver that Plaintiffs are guilty of contributory negligence constituting the sole proximate cause of the alleged incident in question, which defeats recovery herein, or alternatively a contributing cause which reduces Plaintiffs' recovery accordingly.

### FOURTH DEFENSE

39.    In the further alternative, Defendants aver that if Plaintiffs suffered any damages, which is denied, said damages were caused by the acts, carelessness, inattention to duty, omissions, breach of contract or other conduct of third parties, for whose fault and negligence Defendants are not liable.

### FIFTH DEFENSE

40.    Defendants aver as a complete defense that Plaintiffs' alleged damages were caused solely by Hurricane Ike, an unanticipated grave natural disaster, an event of force majeure, and/or Act of God. Defendants exercised prudence, diligence, care and reasonable engineering principles and standards in following the design criteria specified by Plaintiffs

and/or Pride in providing any product which ultimately came to be used aboard the MAD DOG, and accordingly are not liable to Plaintiffs for any alleged damages.

## SIXTH DEFENSE

41.      Defendants aver that Plaintiffs and/or Pride were learned intermediaries and/or sophisticated users of any product supplied by any Defendant, were involved in the initial engineering and design review of the product, and that Pride specifically provided load data relied upon by Defendants in the manufacture of the parking brakes.

## SEVENTH DEFENSE

42.      Alternatively, Plaintiffs had an opportunity to and did in fact conduct engineering design reviews in connection with the products designed and/or manufactured by Defendants between the time of the sale, installation and the incident at issue.   Plaintiffs are therefore estopped from claiming any deficiency in the design or manufacture of the units.

## EIGHTH DEFENSE

43.      Defendants further aver that Plaintiffs and/or Pride and/or their agents and representatives had full control over the design, operation and use of all products supplied by Defendants, and were directly responsible for and aware of any missing parking brake removed from service prior to the incident, as well as the damages associated with such products. Defendants therefore had no duty to warn Plaintiffs about any damages concerning the use, operation or maintenance of any product supplied by any Defendant.

## NINTH DEFENSE

44.      Plaintiffs' damages, if any, were caused by intervening or superceding causes for which Defendants are not responsible or liable.

6

## TENTH DEFENSE

45.    The subject product or products complied with the state of the art at the time of its/their sale by Defendants.

## ELEVENTH DEFENSE

46.    Defendants aver that no timely notice or opportunity to repair were given to Defendants of the existence of any alleged defect in its product(s), if any, and as such, Plaintiffs' recovery against Defendants must be precluded, or in the alternative, diminished to the extent that any alleged defect could have been repaired.

## TWELFTH DEFENSE

47.    Plaintiffs' alleged damages were the result of an inevitable or unavoidable incident occasioned by Hurricane Ike.  Specifically, the equipment and/or products allegedly designed, manufactured or supplied by Defendants met the design standards provided by Plaintiffs and/or Pride.  Plaintiffs' alleged damages were caused or occasioned by the violence of Hurricane Ike, which produced forces that exceeded the design characteristics of the parking brakes.

## THIRTEENTH DEFENSE

48.    Defendants affirmatively plead all of the applicable terms and provisions of any contract between Plaintiffs and Pride Offshore and/or Pride International, including, but not limited to, the BP/Pride Drilling Rig Construction and Purchase Contract and the Drilling Rig Operation and Maintenance Services Contract relative to the MAD DOG project, the same being made a part hereof by reference and pled as if restated in their entirety herein.  Based on these contracts, Plaintiffs have assumed the risk and/or liability for losses of the type for which they have sued herein and/or has waived its rights, if any, with respect to any damages claimed.

Plaintiffs have, by contract, abrogated, waived, relinquished, renounced or abandoned the claims they urge against the Defendants herein. Defendants specifically plead the protection of the limitation of damages provisions contained in the BP/Pride Drilling Rig Construction and Purchase Contract and the Drilling Rig Operation and Maintenance Services Contract. Defendants also specifically plead that they are entitled to defense, indemnity, insurance, release and to be held harmless from and by Plaintiffs pursuant to Articles 14 and 15 of the Drilling Rig Construction and Purchase Contract and the Drilling Rig Operation and Maintenance Services Contract.

### FOURTEENTH DEFENSE

49.    Defendants further plead that Plaintiffs have failed to mitigate their damages as required by law.

### PRAYER

Defendants respectfully request that the Court enter judgment that Plaintiffs take nothing, dismiss Plaintiffs' suit with prejudice, assess costs against Plaintiffs, and award Defendants all other relief the Court deems appropriate. To the extent Plaintiffs' suit is permitted to continue, Defendants request trial by jury of all triable issues.

8

Respectfully Submitted,

By _____

Charles A. Mouton

| | | |
|---|---|---|
| MAHTOOK & LAFLEUR, LLC | J.D. Page | LEWIS, KULLMAN, STERBCOW & ABRAMSON |
| Charles A. Mouton | SBN 15406700 | Lawrence S. Kullman |
| SBN 17721 | 3040 Post Oak Blvd. | SBN 07884 |
| Suite 1000 | Ste 850 | 2614 Pan American Life |
| Lafayette, LA | Houston, TX | Center |
| 70502 | 77056 | 601 Poydras St. |
| Tel:  (337) 266-2189 | Tel: (713) 840-9200 | New Orleans, LA |
| Fax: (337)266-2303 | Fax: (713) 840-9217 | 70130 |
| | | Tel: (504) 588-1500 |
| | | Fax: (504) 588-1514 |

Counsel for National Oilwell Varco, L.P., National Oilwell Varco, Inc., National Oilwell Norway AS, Hydralift Amclyde, Inc., Hydralift, Inc., and Hydralift AS

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has this date been served on all counsel of record in this proceeding by:

( ) Hand Delivery                    ( ) Prepaid U. S. Mail

( ) Facsimile                          ( X ) CM/ECF System

Lafayette, Louisiana this 25th day of January, 2010.

_____

Charles A. Mouton