UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BP AMERICA PRODUCTION COMPANY, BP EXPLORATION & PRODUCTION INC., AND AMERICAN HOME ASSURANCE COMPANY | * | CIVIL ACTION NO. 09-6218 |
| | * | SECTION "L," MAGISTRATE: 4 |
| | * | JUDGE ELDON E. FALLON |
| versus | * | MAGISTRATE KAREN WELLS ROBY |
| NATIONAL OILWELL VARCO, LP, NATIONAL OILWELL VARCO, INC., NATIONAL OILWELL NORWAY AS, HYDRALIFT AS, HYDRALIFT AMCLYDE, INC., AND HYDRALIFT, INC. | * | |
| | * | |
| | * | |
| | * | |

## SUR-REPLY MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

Plaintiffs, BP America Production Company ("BP America"), BP Exploration & Production Inc. ("BPX&P"), and American Home Assurance Company ("American Home"), respectfully respond to the reply brief filed by the defendants as follows.

The issue before this Court is quite simple: Have the defendants met their burden of establishing such great inconvenience associated with having this lawsuit proceed in New Orleans, Louisiana as opposed to Houston, Texas, that they have overcome the plaintiffs' forum

of choice and the interest of justice associated with having a Louisiana court interpret and apply Louisiana law?

## CONVENIENCE OF PARTIES AND WITNESSES

While the defendants admonish the plaintiffs for not having provided witness addresses in their initial disclosures, the plaintiffs do not dispute, and never have disputed, that the BP entities are both headquartered in Texas and that their witnesses work and reside in Texas. Importantly, however, the plaintiffs do not consider it inconvenient to litigate the matter in Louisiana and they will bring their witness to Louisiana to testify at trial.

As for the defendants' witnesses, the *key* witnesses in this case are the Norwegian witnesses from National Oilwell Norway, AS who do not reside or work in Texas and will be equally inconvenienced by attending a trial in Louisiana or Texas.

As regards the other defendants, both Hydralift Amclyde, Inc. and National Oilwell Varco, L.P. (as successor to Hydralift, Inc.) are registered to do business and have offices in Louisiana. Indeed, in their initial disclosures the defendants have identified Louisiana residents, Kelly Grossie and Joseph Guidry, as former employees of the defendants who were involved with installing, commissioning, and servicing the brakes. The defendants have also stated in their initial disclosures that Joseph Minix, a former employee of the defendants identified by the plaintiffs in their original opposition memorandum as being a key witness who modified the brakes, is last known to have resided in Louisiana. With respect to any current NOV employee-witnesses of import who reside in Texas and who are controlled by the defendants, it is hardly inconvenient for them to make the short commute to New Orleans to testify at trial if need be.

Turning to the non-party witnesses, the defendants have *still* failed to offer any evidence that the Pride witnesses could not or would not be willing to appear live at a trial in Louisiana.

And, although the defendants chastised the plaintiffs for not providing witness addresses in their initial disclosures, the defendants themselves provided no addresses for many of the Pride witnesses in their initial disclosures. Of interest, the plaintiffs have learned from counsel for Pride that Autrey Boudreaux (the Pride toolpusher) and Kevin Higgenbothem (the Pride rig superintendent), both of whom are listed without address in the defendants' initial disclosures and will no doubt be key witnesses, actually reside in Louisiana. Additionally, the defendants' argument on page 5 of their reply that non-party witnesses located outside of Louisiana could not be compelled by *this* Court to appear for video-taped trial depositions is disingenuous. As able counsel for the defendants know, a subpoena can be issued by *another* Court to an out-of-state witness compelling that witnesses' attendance for a video-taped trial deposition to be used in *this* Court pursuant to Rule 45(a)(2)(B). Fed. R. Civ. Proc. 45(a)(S)(B).

## INTEREST OF JUSTICE

The defendants totally ignore the interest of justice factor. Because Louisiana law will apply as surrogate federal law, *see* 43 U.S.C. § 1333, justice is best served by having a Louisiana court decide issues of Louisiana law. This is precisely the reason why the plaintiffs chose to file first in Louisiana and are willing to make the insignificant and hardly inconvenient commute to New Orleans. The plaintiffs' choice of a Louisiana forum is not fortuitous or attenuated. They chose Louisiana because justice is best served by having a Louisiana court decide complicated issues of Louisiana law.

For all of the above reasons, the defendants' motion to transfer should be denied.

Respectfully submitted,

/s/ Carol Welborn Reisman
S. Gene Fendler, T.A. (Bar # 5510)
David W. Leefe (Bar # 1479)
Carol Welborn Reisman (Bar # 20410)
LISKOW & LEWIS
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
sgfendler@liskow.com
dwleefe@liskow.com
cwreisman@liskow.com

*Attorneys for BP America Production Company, BP Exploration & Production Inc., and American Home Assurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of February, 2010, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all attorneys of record. I further certify that, on the same day, I mailed, faxed, or e-mailed the foregoing document and notice of electronic filing to all attorney(s) of record who are non-CM/ECF participants.

/s/ Carol Welborn Reisman