UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BP AMERICA PRODUCTION COMPANY, ET AL. | CIVIL ACTION |
| VERSUS | NUMBER 09-6218 |
| NATIONAL OILWELL VARCO, L.P., ET AL. | SECTION "L" (4) |

**ORDER & REASONS**

Before the Court is the Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Rec. Doc. 20). For the following reasons, this motion is GRANTED.

**I.    BACKGROUND**

This case arises out of damage to the Plaintiffs' spar platform, MAD DOG, sustained during Hurricane Ike. This damage was allegedly caused by the failure of the parking brakes and brake clamps that had been used to secure a drilling rig to the platform. The parking brakes had allegedly provided by the Defendants.[1] These break pads were apparently provided pursuant

---

[1] According to the pleadings, it appears that the various entities involved in this litigation are incorporated, and have principal places of business, as follows: Plaintiff BP America Production Company ("BP America) is a Delaware corporation with its' principal place of business in Houston, Texas; Plaintiff BP Exploration & Production Inc. ("BPX&P"), the operator of the rig, is also a Delaware Corporation, but has its' principal place of business in Warrenfield, Illinois; Plaintiff America Home Assurance Company, the insurer of the BP entities, is a New York Corporation that operates in both Louisiana and Texas; Defendant National Oilwell Norway AS is a Norwegian corporation; Defendant National Oilwell Varco L.P. is a Delaware limited partnership with its principal place of business in Houston, Texas; National Oilwell Varco, Inc. is a Delaware corporation; Hydralift Amclyde, Inc. is a Delaware corporation with its principal place of business in St. Paul Minnesota; Pride Offshore Inc. ("Pride"), who contracted to provide the drilling rig to BP but has not been made a defendant herein, is a Delaware company with its principal place of business in Houston, Texas. Defendants assert that the remaining named Defendants no longer exist due to various mergers.

to a contract that was executed in Houston, Texas, manufactured in Kristiansand, Norway, and installed on the MAD DOG drilling rig at a shipyard in Texas. The platform was located 190 miles south of New Orleans at the time of the storm.

On September 9, 2009, the Plaintiffs initiated the instant lawsuit, alleging that the Defendants had been responsible for the faulty design, manufacture, installation, sale, maintenance and/or repair of the parking brake system.[2] The following day, in an abundance of caution, the Plaintiffs filed an identical suit in Texas state court to protect themselves in the event that this Court lacks jurisdiction over any of the Defendants.[3] This case was subsequently removed and is currently pending before Judge Nancy F. Atlas in the United States District Court for the Southern District of Texas. The Texas case has been stayed pending this Court's ruling on the instant motion.

## II.     LAW & ANALYSIS

Defendants have filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division in which it could have been brought." 28 U.S.C. § 1404(a). In this case, it is undisputed that the Southern District of Texas is a judicial district in which the Plaintiffs' claims could have been brought. Therefore,

---

[2] Plaintiffs indicate that, at the time of filing their complaint, they believed that the primary defendant would be National Oilwell Norway, AS, but that they included the other defendants due to their "tangential involvement with the facts leading up to the incident." *Memorandum in Opposition to Motion to Transfer*, Rec. Doc. 26, at 2.

[3] Plaintiffs maintain that this Court has jurisdiction over all Defendants herein. The Court notes that Hydralift AS has filed a Motion to Dismiss for Lack of Jurisdiction Pursuant to Rule 12(b)(2) (Rec. Doc. 17). Because the Court is granting Defendants' Motion to Transfer, it need not reach the jurisdictional questions raised by Hydralift AS.

2

the Court must determine whether transfer is appropriate for the convenience of the parties and in the interest of justice.

The determination of whether a 1404(a) transfer is appropriate "is committed to the sound discretion of the district court." *Fire Eagle, LLC v. Bischoff*, Case No. 08-1564, 2009 WL 799964, at *6 (E.D. La. Mar. 25, 2009). Under the 1404(a) analysis, the moving party bears the burden of showing "good cause" for the transfer. *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314 (5th Cir. 2008). As the Fifth Circuit has explained, "when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected. When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer." *Id.* While courts traditionally give deference to the plaintiff's choice of forum, the plaintiff's choice is not conclusive or determinative. *See Carpenter v. Parker Drilling Offshore USA, Inc.*, No. 05-265, 2005 WL 1432373, at *2 (E.D. La. June 16, 2005). In fact, when a plaintiff has chosen a forum other than his home forum, the selection should be given less deference. *Shawnee Tribe v. United States*, 298 F. Supp. 2d 21, 24 (D.D.C. 2002) (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981) (explaining, in a *forum non conveniens* case, that "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable").

Whether a potential transferee venue is clearly more convenient depends upon two traditional sets of factors widely known as "private interest" and "public interest" factors. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 505, 509 (1947); *see also In re Volkswagen of America, Inc.*, 545 F.3d at n.9 (indicating that the Fifth Circuit has adopted the *Gilbert* factors in the 1404(a) analysis). The relevant private interest factors include: (1) relative ease of access to proof; (2)

3

availability of compulsory process for attendance of unwilling witnesses, and cost of attendance for willing witnesses, (3) possibility of view of premises, if view would be appropriate to the action, and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Gilbert*, 330 U.S. at 509. The relevant public interest factors include: (1) the administrative difficulties created by congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law; (4) judicial economy. *Id.* The Court will analyze these factors at this time.

### A. Private Interest Factors

#### 1. Relative ease of access to sources of proof

Defendants, in support of their motion, argue that the "vast majority of key witnesses and documentary and physical evidence" are located in the Southern District of Texas. Plaintiffs concede that many of the relevant events took place in Houston and that their witnesses are located in Houston. However, they argue that they do not consider it inconvenient to produce their witnesses in the Eastern District of Louisiana. Furthermore, they argue that while many defendant and third-party witnesses might be located in Texas, the *key* witnesses are located in Norway or the United Kingdom. Additionally, Plaintiffs argue that Defendants have not met their burden of proof because they have done nothing more than provide a long list of witnesses without specifically identifying key witnesses or the substance of their testimony.

After reviewing the pleadings in this case and the parties' initial disclosures, which have been attached to the pleadings as exhibits, the Court is convinced that the relative ease of access to sources of proof in this case weighs heavily in favor of transfer. Of the numerous witnesses listed by the parties, only 7 appear to reside in Louisiana. Of these 7, only 1, Zach Smith,

4

appears to reside in the Eastern District. The remaining witnesses all appear to be located either abroad or in Texas. For those located abroad, both the Southern District of Texas and the Eastern District of Louisiana would be equally inconvenient. However, for the remaining witnesses, except for maybe those few located in the Middle District of Louisiana, the Southern District of Texas would be much more accessible.

Furthermore, it appears to the Court that most of the documentary evidence is located in the Southern District of Texas. While it may be possible to make this information available electronically, this cannot be done without significant expense. Furthermore, Plaintiffs do not dispute that the actual parking break system at issue in this case is located in the Southern District of Texas. Thus, transfer of this case to that district would certainly make physical and documentary evidence more accessible.

### 2. Availability of compulsory process for attendance of unwilling witnesses, and cost of attendance for willing witnesses

Rule 45(c)(3)(A)(ii) provides that a court must quash any subpoena that "requires a person who is neither a party not a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business." In this case, many potential non-party witnesses appear to reside in Texas, more than 100 miles away from the Eastern District of Louisiana. Thus, this Court would be powerless to compel their appearance at trial. While, the Plaintiffs point out a court might be able to compel their appearance through video conferencing, this would certainly be inconvenient for all involved. Furthermore, the attendance of the many out-of-state witnesses who might be willing to attend voluntarily would certainly require time, expense, and inconvenience for all involved. Thus, this factor also weighs heavily in favor of transfer.

### 3. Possibility of view of premises

It is unlikely that actual viewing of the damaged spar platform in this case would be appropriate as it is located 190 miles south of New Orleans in the Gulf of New Mexico, regardless of where this case proceeds. However, the parking brake system, which may be available for viewing, appears to be located in Texas. Accordingly, this factor also weights in favor of transfer.

### 4. All other practical problems that make trial of a case easy, expeditious and inexpensive

Defendants argue that judicial economy is increased by transfer when, as here, a related case already exists in the potential transferee district. In this case, the related case in the Southern District of Texas is identical to the case at bar, and is presently stayed pending this ruling. However, it is unlikely that this case will proceed in both forums, so the transfer of this case would not actually promote judicial economy in this case. Accordingly, this factor appears to the Court to be neutral.

## B. Public Interest Factors

### 1. The administrative difficulties created by congestion

The parties have each selectively chosen statistics in an attempt to convince the Court that one of the two potential venues in this case is more congested than the other. Defendants point out that the average time between the inception of a case and the disposition of a case is slightly longer in the Eastern District of Louisiana, while Plaintiffs point out that the average time between the inception of a case and the trial of a case is slightly longer in the Southern District of Texas. The Court is not persuaded that either potential venue is more congested than the other. No doubt, both districts are faced with a high volume of cases. However, the Court is

confident that wherever this case proceeds, it will be handled in a timely and expeditious manner. Therefore, this factor is neutral.

### 2. The local interest in having localized controversies decided at home

The only apparent connection that this case has to Louisiana is that Louisiana law will apply. The physical damage to the spar platform occurred in the Gulf of Mexico. All of the events that led to the Plaintiff's procurement of the parking brake system for their drilling rig appear to have taken place in Texas and abroad. Although Louisiana law will apply, Texas certainly has an interest in adjudicating a dispute that involves a large number of Texas citizens. Furthermore, they have an interest in policing the conduct of corporations and other entities that do business in Texas and in monitoring the transactions that occur there to ensure that Texas citizens receive products that are up to Texas' standards for quality and safety. Similar concerns are not present for the state of Louisiana in this case. Accordingly, this factor favors transfer.

### 3. The interest in avoiding unnecessary problems in conflict of laws, or in the application of foreign law

The parties agree that Louisiana law will apply in this case. While a federal court in Louisiana would certainly have ample experience in applying Louisiana law, there is no reason to think that a federal court in Texas would be unable to apply Louisiana law in the same way. Federal courts sitting in diversity are routinely called upon to apply the law of states other than that in which they are located. They do so competently and fairly, and there is no reason to think that this case is an exception. Accordingly, while this factor weighs slightly against transfer, it is not sufficient to convince the Court that transfer is inappropriate.

### 4. Judicial economy

Defendants argue that transfer of this case would promote judicial economy because a

related lawsuit is already pending in the Southern District of Texas. However, as discussed above, the lawsuit in Texas is stayed and only one of these cases will proceed following this Court's ruling on Defendant's Motion to Transfer. Therefore, this factor is neutral.

### III.   CONCLUSION

The majority of the relevant private and public interest factors weigh in favor of transferring this case. Thus, good cause has been shown for the transfer because the movant has persuaded the Court that the Southern District of Texas is clearly a more convenient venue in which to conduct this litigation.

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Transfer (Rec. Doc. 20) IS GRANTED. IT IS FURTHER ORDERED that this case is TRANSFERRED to the United States District Court for the Southern District of Texas, Houston Division.

New Orleans, Louisiana, this  1st  day of   April  , 2010.

_____
UNITED STATES DISTRICT JUDGE